Pennington, J.
— The action below, was brought on three different charges set forth in the state of demand, for neglect of duty as constable, in executing three executions, delivered to the defendant below, by the plaintiffs, in all, §119 15. This, prima facie, ousts the justice of jurisdiction ; but as two of the charges were for neglect of duty in *735 executing executions in favor of the same persons, against the same defendant, and for the same sums, and the same dates, it is probable, that there was really but one execution, on which both these charges were [*] founded, and that but one recompence was sought. I believe that in actions on the case sounding in damages, where counts have been added to meet the evidence, and where one injury only was sought to be redressed, this court has not considered the justice ousted of his jurisdiction of the cause, although the sums added together amounted to more than §100. But I am not satisfied that this would be correct in cases of debt, where specific sums are declared on, and must be recovered, or nothing, 2 Blac. Rep. 1050 ; but this is not the only objection: a general verdict has been found for a less sum than has been declared on, and nothing said as to the residue, nor the particular charges designated on which the verdict is found. The charges are all distinct in their nature, one for neglecting to levy on goods and chattels, another for an escape, and a third for not returning the execution in thirty days. In these cases the particular charges ought to he found, that the defendant below may plead this recovery in bar to another action, and know for which he is condemned. Cro. Jac. 653, 1 Lilly’s Entries, 224. There is also an error in the declaration. The charges are all for a neglect of duty prescribed by the 29th section of the act constituting courts for the trial of small causes. Whereas, one is for neglecting a duty prescribed by the 26th, another the 27th sections of that act; and a third by a supplement to the act; the 29th section only gives the action, but prescribes no duty. On the whole, I am of opinion, that this judgment cannot he supported — but ought to be reversed.
Kinney, for plaintiff.
Kirkpatrick, C. J.
— Concurred in the foregoing opinion ; and added, that another error appeared on the record. At the trial below, the jury after they had retired from the bar, returned again into court, and stated to the justice a question of law involved in the case, and prayed to be informed therein. The justice declined the solution of the question ; and told them that the question was for them, iff decide. Now [*] the rule of law is, ad questionem legis respondent judices. The justice could not lawfully refuse to declare the law.
Rossktjc,, J. — Was in favor of reversal.
Judgment reversed1.